UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL EVERETT,<br><br>Defendant. | Case No. 17-cv-01716-SI<br><br>**ORDER RE: *IN FORMA PAUPERIS* STATUS AND CLARIFICATION OF REMAND ORDER**<br><br>Re: Dkt. No. 27 |

The Ninth Circuit referred this matter to the undersigned judge "for the limited purpose of determining whether *in forma pauperis* status should continue for [defendant's] appeal or whether the appeal is frivolous or taken in bad faith." *See* Dkt. No. 27 (citing 28 U.S.C § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).

When a party is proceeding *in forma pauperis*, the court shall dismiss the action where the action or appeal is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also id.* § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As set forth in Magistrate Judge Ryu's Report and Recommendation to remand this case (the "R&R"), Dkt. No. 18, defendant has failed to establish a basis for removal jurisdiction. Defendant's objection to the R&R does not convince the Court otherwise.[1] *See* Dkt. No. 25.

---

[1] Defendant notified the Court of his intention to file an objection to the R&R, but because defendant sent the notice by regular mail, the Court received the notice after it had already issued an order adopting the R&R. *See* Dkt. Nos. 21, 22. Defendant then filed an objection to the R&R. Dkt. No. 25. Although filed seventeen days after the R&R, defendant's objection was timely under Federal Rule of Civil Procedure 6(d), and accordingly the Court has reviewed and

While Judge Ryu found defendant's financial affidavit satisfactory for *in forma pauperis* status, she made no explicit findings regarding frivolousness. However, given Judge Ryu's finding that defendant did not state an adequate basis for removal jurisdiction, defendant's attempt to proceed in federal court on removed state bar proceedings is indeed frivolous. Accordingly, the Court finds that revocation of defendant's *in forma pauperis* status is warranted.[2]

**IT IS SO ORDERED**.

Dated: May 17, 2017

SUSAN ILLSTON
United States District Judge

---

considered it. Dkt. No. 25. After reviewing defendant's objection and the relevant legal authorities, the Court reaffirms its order remanding this action.

[2] To the extent defendant no longer intends to proceed with his appeal *in forma pauperis*, the Court's findings of frivolousness are moot.