UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br>               Plaintiff,<br>    v.<br>DANIEL EVERETT,<br>               Defendant. | Case No. 17-cv-03595-SI<br>Case No. 17-cv-01716-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL** |

Defendant Daniel Everett attempts for the second time to remove his California State Bar disciplinary proceedings to federal district court under 28 U.S.C. § 1443(1).[1][2] Defendant has also filed multiple motions for recusal of the Undersigned in both the active case, No. 17-cv-03595-SI, and the closed case, which the Court remanded in May, 2017. *See* Case No. 17-cv-03595-SI, Dkt. Nos. 3, 14; Case No. 17-cv-01716-SI, Dkt. Nos. 36, 38. In his motions, defendant argues that the Undersigned has a bias against him and in favor of the State Bar such that she cannot act impartially in these proceedings. The State Bar opposes defendant's efforts in light of an overarching interest in resolving defendant's State Bar disciplinary proceedings without further delay. *See* Dkt. No. 13. The Court will forego a detailed recitation of the facts as the parties are well aware of the background of this case. For the reasons set forth below, the Court DENIES defendant's motions for recusal.

Two statutes govern a judge's recusal in federal court, 28 U.S.C §§ 144 & 455. The standard under either statute is the same: "[W]hether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned." *United*

---

[1] Unless otherwise noted, citations to the docket are in Case No. 3:17-cv-03595-SI.

[2] At this time, the Court reserves ruling on plaintiff's motion to remand, Dkt. No. 12, and defendant's motions to proceed *in forma pauperis*, Dkt. Nos. 7, 8.

*States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "Ordinarily, the alleged bias must stem from an 'extrajudicial source[,]'" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 1454 (quoting *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 554-56).

Defendant fails to state facts that might reasonably call into question the Undersigned's impartiality. First, most of defendant's bases for his recusal motions are not "extrajudicial," but rather have to do with this Court's decision to remand defendant's previously removed action, Case No. 17-cv-01716-SI. Minor mistakes aside, the Court carefully considered all of defendant's filings in that case, and held that defendant's removal was improper. *See* Case No. 17-cv-01716-SI, Dkt. Nos. 18, 21. Further the Court clarified its original remand order, and reaffirmed its view that defendant's State Bar proceedings do not give rise to federal subject matter jurisdiction. *See id.*, Dkt. No. 29. Second, the one "extrajudicial" source defendant identifies as calling into question the Undersigned's impartiality, is the Undersigned's participation in a State Bar event, "Celebrating Women in Competition Law in California," on June, 2017. The Undersigned acted as moderator at the event. Defendant states, without any factual basis, that he is "informed that [the Undersigned] was compensated for her participation, by at least having her expenses paid for." Further Mot. for Recusal, Case No. 17-cv-1716, Dkt. No. 38 ¶ 4. He also paints the California State Bar as a private organization. Defendant is wrong on all accounts. Not only did the Undersigned receive no compensation for participating in the event, but the California State Bar is a governmental entity established by the California constitution. *See* Dkt. No. 13 at 1; Cal. Const., Art. VI § 9. In any event, were the Undersigned to have received any compensation in connection with the event, and were the State Bar a private organization as he contends, the level of compensation would not be sufficient to call into question the Undersigned's ability to remain impartial. Defendant has not demonstrated that the Undersigned displays a "deep-seated

favoritism or antagonism that would make a fair judgment impossible." *Hernandez*, 109 F.3d at 1454 (quoting *Liteky*, 510 U.S. at 554-56).

The Court finds that defendant's verified statements are legally insufficient to warrant recusal and that his motions are interposed for delay. Local Rule 3-14. Defendant's motions for recusal, both in Case No. 17-cv-01716-SI, Dkt. Nos. 36, 38, and in Case No. 17-cv-03595-SI, Dkt. Nos. 3, 14, are hereby DENIED.

**CONCLUSION**

Defendant's motions for recusal in Case No. 17-cv-01716-SI and 17-cv-03595-SI are hereby DENIED.

This order resolves Dkt. Nos. 3, 14 in 3:17-cv-03595-SI.

This order resolves Dkt. Nos. 36, 38 in 3:17-cv-01716-SI.

**IT IS SO ORDERED**.

Dated: August 2, 2017

SUSAN ILLSTON
United States District Judge